UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re JOHNS-MANVILLE CORPORATION,     Chapter 11
et al.,     Case No. 82-11656, 82-11657,
    82-11660, 82-11661, 82-11665
             Debtor     through 11673 inclusive, 82-11675,
    82-11676 (CGM)

-------------------------------------------------------x

    Adv. No. 17-ap-01186 (CGM)

MANVILLE PERSONAL INJURY
SETTLEMENT TRUST,

        Plaintiff,

    -v-     No. 19 Civ. 4039 (LTS)

THORPE INSULATION COMPANY
ASBESTOS SETTLEMENT TRUST,

        Defendant.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

Defendant Thorpe Insulation Company Asbestos Settlement Trust ("Thorpe" or "Defendant") moves for leave to file an interlocutory appeal seeking review of the portions of the March 28, 2019, decision of the Bankruptcy Court for the Southern District of New York granting partial judgment on the pleadings in favor of Plaintiff Manville Personal Injury Settlement Trust ("Manville" or "Plaintiff"). (Motion, Pursuant to 28 U.S.C. 158(A)(3) and FRBP 8001, for Leave to Appeal ("Def. Mot."), Docket Entry No. 3.) The Court has jurisdiction of this action pursuant to 28 U.S.C. § 158.

BACKGROUND

Familiarity with the facts of this case, which are set forth in detail in the bankruptcy court's Decision, is assumed. Briefly, Thorpe and Manville are parties to long-running asbestos-related litigation. Johns-Manville was once the largest producer and supplier of asbestos and, in 1982, was forced to file for bankruptcy due to losses sustained in connection with asbestos-related lawsuits. (Memorandum Decision Granting Partial Judgment for the Plaintiff and Denying Defendant's Motion for Summary Judgment (the "Decision"), No. 17-01186 (CGM), Docket Entry No. 69 at 4.) J.T. Thorpe was a Southern California-based distributor of Johns-Manville asbestos products. (Decision at 5.) As with Johns-Manville, asbestos-related litigation forced J.T. Thorpe to file for bankruptcy. (Id.) The parties to this action, Manville and Thorpe, are trusts that were created during the Johns-Manville and J.T. Thorpe bankruptcy proceedings, respectively, for the purpose of maximizing assets and paying claimants who were injured by Johns-Manville asbestos products. (Decision at 4-5.)

This particular action stems from an adversary proceeding filed by Manville, seeking a declaratory judgment that, pursuant to California Code of Civil Procedure Section 877.6(c),[1] the court-approved Trust Distribution Process ("TDP") bars Manville from indemnifying Thorpe for payments made to California-based claimants who separately entered into good faith settlements with Manville. (Decision at 9-11.) The TDP was enacted as part of a class action settlement and governs indemnity claims between Thorpe and Manville. (Decision at 6-8.)

---

[1] Section 877.6(c) provides that, "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6 ("Section 877.6").

Thorpe maintains that the TDP term "Distributor Indemnity Claim Percentage," which is defined as "the proportion of a Distributor's asbestos-related loss in any particular case which shall be treated by the [Manville] Trust as constituting a Distributor Indemnity Claim," when viewed in connection with the provisions for "Processing Distributor Indemnity Claims with a Percentage," which states that "[o]nce a Distributor Indemnity Claim percentage has been established for a Distributor, the Distributor shall make any Distributor Indemnity Claims by submitting proof to the [Manville] Trust[,]" creates an express right to indemnification for Distributors, like Thorpe, who have agreed to a specific Distributor Indemnity Claim Percentage. (Declaration of Timothy M. Haggerty in Support of Manville Personal Injury Settlement Trust's Opposition to Motion for Leave to Appeal ("Haggerty Decl."), Docket Entry No. 11, Ex. 2 at 31, 33; Def. Mot. at 16-17.) There is no dispute that Thorpe is considered a "Distributor" under the TDP. (Decision at 12.) The TDP defines "Distributor Indemnity Claim" to mean "any Indemnity Claim by a Distributor which constitutes a valid claim for indemnification under applicable law." (Haggerty Decl., Ex. 2 at 31.) This provision was "drafted with reference to state law." (Haggerty Decl., Ex. 6 at 20.)

In granting partial summary judgment in Manville's favor, the bankruptcy court held, in relevant part, that (i) the plain language of the TDP provides that, "a claim for indemnification must be permitted by the applicable state law governing the claim for it to be considered a 'valid' Distributor Indemnity Claim[;]" (ii) no express indemnification agreement exists between Thorpe and Manville; (iii) California Code of Civil Procedure Section 877.6 is "applicable law" governing indemnity claims arising from conduct that occurred in California; (iv) because the TDP was created in connection with a settlement that was approved by the bankruptcy court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, any settlement

made under the terms of the TDP is necessarily a "good faith" settlement, as required by Section 877.6; and (v) disputed factual questions remain as to whether Manville's California-based settlements were executed in accordance with the terms of the TDP. (Decision at 12-18.)

Thorpe seeks appellate review of two aspects of the bankruptcy court's decision, contending that: (i) the bankruptcy court's failure to recognize that the TDP "provided Thorpe with an express right of indemnification," thereby exempting it from Section 877.6's purview under Section 877(c) of the California Code of Civil Procedure,[2] was erroneous and (ii) the bankruptcy court erroneously held that Section 877.6 precluded Thorpe's indemnity claims. (Def. Mot. at 2.) Thorpe asserts that leave to appeal the bankruptcy court's interlocutory order should be granted pursuant to 28 U.S.C. §§ 158(a)(3) and 1292(b). For the following reasons, Thorpe's motion is denied.

## DISCUSSION

A district court can grant leave to appeal an interlocutory order of a bankruptcy court pursuant to 28 U.S.C. § 158(a)(3). In deciding whether to grant such leave, courts in this Circuit have applied the standards set forth in 28 U.S.C. § 1292(b), which governs the appealability of interlocutory district court orders. In re Alexander, 248 B.R. 478, 483 (S.D.N.Y. 2000). "[F]or an interlocutory appeal to be granted, the order being appealed must '(1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion,' and the movant must also show that '(3) an immediate appeal would materially advance the ultimate termination of the litigation.'" In re Adelphia Commc'ns Corp., 333 B.R. 649, 658 (S.D.N.Y. 2005) (quoting 28 U.S.C. § 1292(b)). Additionally, leave to appeal is appropriate

---

[2] Section 877(c) provides that Section 877 "shall not apply to co-obligors who have expressly agreed in writing to an apportionment of liability for losses or claims among themselves." Cal. Civ. Proc. Code § 877(c).

only when the movant demonstrates the existence of "exceptional circumstances to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." In re Coudert Bros. LLP Law Firm Adversary Proceedings, 447 B.R. 706, 711 (S.D.N.Y. 2011) (internal quotation marks omitted).

Thorpe has failed to demonstrate that an interlocutory appeal of the bankruptcy court's decision is warranted. First, the decision does not involve a controlling question of law. "[T]he 'question of law' must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." In re Enron Corp., No. 01-16034, 2006 WL 2548592, at *4 (S.D.N.Y. Sept. 5, 2006) (citation omitted). A question of law is considered "controlling" if "reversal of the order would terminate the action, or if determination of the issue on appeal would materially affect the outcome of the litigation." In re Worldcom, Inc., No. 02-13533, 2005 WL 1208519, at *2 (S.D.N.Y. May 19, 2005) (internal quotation marks omitted).

The issues Thorpe intends to raise on appeal are not "pure" questions of law. It is a "sound rule in the construction of contracts, that where the language is clear, unequivocal and unambiguous, the contract is to be interpreted by its own language." R/S Assocs. v. New York Job Dev. Auth., 98 N.Y.2d 29, 32 (2002). Applying this long-standing principle, the bankruptcy court determined that, according to the plain language of the TDP, (i) Thorpe's claims for indemnification must be permissible according to the "applicable state law"—California Code of Civil Procedure Section 877.6—in order to be considered "valid" Distributor Indemnity Claims under the TDP, and that (ii) the TDP does not contain an "express indemnification agreement." To the extent that Thorpe intends to argue on appeal that the language of the TDP is ambiguous

and must be interpreted in conjunction with extrinsic evidence such as an "April 25, 1989 letter agreement with the Trust," or "Manville Trust's practice of paying Thorpe's indemnity claims over the course of many years," (Def. Mot. at 11-12), the interpretation of the contract "becomes a question of fact for the jury," Bourne v. Walt Disney Co., 68 F.3d 621, 629 (2d Cir. 1995), and thus is ill-suited for interlocutory appeal.

Further, the first prong of 1292(b) is not satisfied because the questions Thorpe intends to present on appeal are not "controlling." If, on appeal, the Court were to reverse the bankruptcy court's decision, the court would still need to adjudicate the question of whether, and to what extent, Thorpe suffered losses from the payments it made to California-based claimants. The TDP limits Thorpe's recovery to "damages and costs [the putative indemnitee] has or may suffer" as a result of an action brought against it "seeking damages for asbestos-related personal injury." (Manville Personal Injury Settlement Trust's Memorandum of Law in Opposition to Motion for Leave to Appeal ("Pl. Opp."), Docket Entry No. 9, at 22.) Manville asserts that Thorpe "received payouts from insurers on policies that covered . . . a significant percentage of its projected asbestos liabilities," and, therefore, Thorpe has not suffered out-of-pocket losses requiring indemnification. (Id. at 21-23.) Thus, reversal of the bankruptcy court's Decision would not "terminate" or "materially affect the outcome of the litigation" because the bankruptcy court would still need to determine the extent to which Thorpe was compensated for its losses.

Second, Thorpe has failed to demonstrate that there is any "substantial ground for difference of opinion" on the questions presented. Courts will find "substantial ground for difference of opinion" where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." In re Coudert Bros., 447 B.R. at 712 (internal quotation marks omitted). The mere presence of a question of first

impression is insufficient to demonstrate a substantial ground for difference of opinion. In re Flor, 79 F.3d 281, 284 (2d Cir. 1996). When deciding whether the issue for appeal is "truly one on which there is a substantial ground for dispute[,]" the Court must "analyze the strength of the arguments in opposition to the challenged ruling." Id.

Thorpe asserts that it has satisfied the second requirement of 1292(b) because (i) there is a "substantial basis" for reading an express right of indemnification into the TDP, and (ii) there is "no relevant case law on the intersection between Section 877.6 and asbestos bankruptcy trusts and whether Section 877.6 can preclude a right to contractual indemnity provided by a TDP." (Def. Mot. at 18.) As to the first argument, the bankruptcy court adhered to basic principles of contract construction in concluding that Thorpe does not have an "express right of indemnification" under the TDP. Thorpe cites no legal authority that contradicts the bankruptcy court's interpretation. To the contrary, Thorpe's interpretation of "Distributor Indemnity Claim Percentage" as a "contractual instruction" would assign two conflicting definitions to the term "Distributor Indemnity Claim" and would conflict with the principle that "[t]erms in a document, especially terms of art, normally have the same meaning throughout the document in the absence of a clear indication that different meanings were intended." Maryland Cas. Co. v. W.R. Grace & Co., 128 F.3d 794, 799 (2d Cir. 1997). Thorpe's interpretation also defies logic—if assigning a Distributor Indemnity Claim Percentage automatically permitted all distributor indemnity claims without regard to the claims' legal validity, the definition of "Distributor Indemnity Claim" would be superfluous. As to the second argument, Thorpe has failed to cite any authority contradicting the bankruptcy court's conclusion that Section 877.6 applies to Manville's settlements with California-based claimants. Furthermore, while Thorpe states that there is "no relevant case law on the intersection between Section 877.6 and asbestos

bankruptcy trusts and whether Section 877.6 can preclude a right to contractual indemnity provided by a TDP," the mere presence of a question of first impression, without more, cannot serve as a basis for an interlocutory appeal.  For these reasons, Thorpe has not demonstrated that there is a "substantial ground for difference of opinion" as to the issues it seeks to appeal.

Third, as discussed above, because factual determinations as to the magnitude of Thorpe's losses would remain, reversal of the bankruptcy court's decision would not terminate the action or materially affect its outcome.

Finally, Thorpe has failed to proffer any argument demonstrating that this case presents the "exceptional circumstances" necessary "to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  In re Coudert Bros., 447 B.R. at 711 (internal quotation marks omitted).

Accordingly, for the aforementioned reasons, Defendant's motion for leave to file an interlocutory appeal is denied.  This Memorandum Order resolves Docket Entry No. 3.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: New York, New York
       November 13, 2019

           /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge